**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

CHUREE MARCHELLE WILSON,

Plaintiff,

v. Case No. 2:26-cv-3010-KCD-KRH

TROPICAL WATER RESORT, LLC and
BOKEELIA ISLAND CLUB, LLC,

Defendants.

_____________________________/

# ORDER

Pro se Plaintiff Churee Marchelle Wilson has filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") (Doc. 2) and a Motion for Leave to File Electronically (Doc. 3). Both are denied.

## 1. IFP Motion

Under the IFP statute, a court may authorize the commencement of an action without requiring that a Plaintiff prepays fees or post security after finding indigency. 28 U.S.C. § 1915(a)(1). "When considering a motion filed pursuant to § 1915(a), the only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted). "An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely

destitute' to qualify for indigent status under § 1915." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)). "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* (citation omitted).

The Court cannot make that assessment here because the IFP Motion is internally inconsistent. Plaintiff says she is "currently flat broke. (Doc. 2 at 1). Yet she reports monthly expenses of $1,685 for rent, $200 for utilities and insurance, and $225 for an RV loan. (Doc. 2 at 2). She also lists significant outstanding debts, including $24,500 owed to Bank of America, $6,228 owed to Citi, and $17,522 owed to M&T Bank. (Doc. 2 at 2). Plaintiff's only reported income is $1,800 from GoFundMe, $350 from her brother, and $104.40 from pet sitting. These figures do not reconcile. Plaintiff's reported income of about $2,254 goes almost entirely to rent, utilities, and the RV loan. That leaves roughly $140 for food, transportation, and everything else. She does not say whether she pays anything toward more than $48,000 in debt, or how she would do so. *See Martino v. Hayter*, No. 8:22-cv-2181-CEH-CPT, 2022 WL 17979531, at *1 (M.D. Fla. Dec. 8, 2022) (applicant failed to show indigency where she reported substantial debt but did not state "how much, if anything, she pays towards those debts on a monthly basis"). And if Plaintiff is "flat broke," the IFP Motion does not explain how she is covering these obligations. *See Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th

Cir. 2014). Without that explanation, the Court cannot decide whether she qualified to proceed in forma pauperis.

Plaintiff must therefore file the long-form application (AO-239), which asks for a fuller picture of her income, assets, expenses, and debts. She must complete the form in its entirety. Blank sections will prevent an assessment of financial eligibility. *Howard v. Seminole Cnty. Clerk of Ct.*, No. 6:24-cv-2179-CEM-UAM, 2025 WL 2147079, at *1 (M.D. Fla. June 2, 2025), *R&R adopted*, 2025 WL 2144649 (M.D. Fla. July 29, 2025). Where her expenses exceed her income, or where she reports debts, she should explain how those obligations are being paid.

**2. Motion for Leave to File Electronically**

Plaintiff also seeks CM/ECF access to file papers electronically in this action. "Pro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692-FtM-29, 2014 WL 169848, *4 (M.D. Fla. Jan. 15, 2014); *see also McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011). Plaintiff explains, in one sentence, that access would "ensure efficient communication, reduce paper and mailing expenses, and secure prompt administration of justice." (Doc. 3). That is not enough. The reasons she gives could be offered by any pro se litigant, and convenience and savings on paper and postage are not extenuating circumstances.

That said, Plaintiff may choose to receive electronic email notifications of case filings and events. The electronic notifications will provide instant notice

when a paper gets filed on the docket with one free review of the filing. To be sure, "the Court in its discretion may grant a pro se party permission to receive electronic notifications." *Kish v. Sch. Bd. of Citrus Cnty.*, No. 5:25-cv-678-WWB-PRL, 2026 WL 262581, at *3 (M.D. Fla. Feb. 2, 2026) (cleaned up) (granting a pro se litigant authority to receive electronic notification of filings via email); *see also* Admin. Proc. for Elec. Filing § B (Nov. 18, 2025) for the United States District Court, Middle District of Florida (providing judges with discretion to authorize CM/ECF access for pro se litigants). Such relief is permissible for a Court to grant if the pro se litigant consents in writing. *See* Fed. R. Civ. P. 5(b)(2)(E) (discussing electronic service of legal documents after the initial complaint). So, if Plaintiff wishes to consent to receive Notices of Electronic Filings, Plaintiff may do so by completing the form on the Court's website, which is available at https://www.flmd.uscourts.gov/litigants-without-lawyers.

**ORDERED:**

1. Plaintiff's Application to Proceed in District Court Without Prepaying Costs or Fee (Doc. 2), which the Court construes as a Motion for Leave to proceed in forma pauperis under 28 U.S.C. § 1915, is **DENIED without prejudice**.

   a. On or before **December 9, 2026**, Plaintiff must either pay the $405 filing fee to continue this action or file a renewed long form application to proceed in this court without prepaying fees or costs

(AO-239). Any renewed application must correct the issues discussed above.

b. **Failure to pay the filing fee or file a renewed IFP Motion timely will result in dismissal of this action without prejudice and without further notice. M.D. Fla. Local R. 3.10**.

2. Plaintiff's Motion for Leave to File Electronically (Doc. 3) is **DENIED**.

3. The Clerk is **DIRECTED** to mail Plaintiff a copy of this Order, a copy of AO-239, and a copy of the consent program information sheet regarding notifications of electronic filings.

In Fort Myers, Florida on November 18th, 2026.

Kevin R. Huguelet
United States Magistrate Judge